UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RODNEY HARRIS,

               Petitioner,

   -against-

MEMORANDUM AND ORDER
07-CV-0099 (SLT) (LB)

EDWARD REILLY, Sheriff of Nassau County;
KATHLEEN M. RICE, District Attorney,

               Respondents.
-----------------------------------------------------------x
TOWNES, United States District Judge.

On December 23, 2006, *pro se* petitioner Rodney Harris filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his ongoing criminal action in Nassau County.[1] For the reasons set forth below, the Court dismisses the petition without prejudice as premature.

## BACKGROUND

Petitioner states that he was arrested on September 21, 2006, arraigned on September 22, 2006 and his case was presented to a grand jury on September 28, 2006. See Pet. at 3, ¶ E. Petitioner argues in the instant petition that he is being unlawfully detained

> [s]ince the Arrested Report and felony complaint does not match the said Grand Jury of September 28, 2006, and their's [sic] no knowledge still to this day December 16, 2006, no Arrested Report or felony complaint then the only Remedy for such fraud Act's of a District Attorney is to Release the Petitioner . . ..

Pet. at C, ¶ D. Petition seeks to be released from custody. Pet. at 4.

## DISCUSSION

In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the

---

[1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant. Therefore, the only proper respondent in this action is Sheriff Reilly. See Rule 2(a) of the Rules Governing Section 2254 Cases.

1

remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982). Since petitioner's criminal case is ongoing, he has not exhausted his available state court remedies, and the instant petition is premature.[2]

Moreover, this action is also barred by the Younger abstention doctrine. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court ruled that principles of comity and federalism require federal courts to abstain from exercising jurisdiction when (1) there is an ongoing state

---

[2] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

2

criminal proceeding, (2) the federal claim raises important state interests, and (3) the state proceeding provides an adequate opportunity to raise the constitutional claims. Id.; accord Schlager v. Phillips, 166 F.3d 439, 442 (2d Cir. 1999); Williams v. Horn, No. 06-CV-3068 (BMC), 2006 WL 2333874, *1 (E.D.N.Y. Aug. 9, 2006). Here, since there is an ongoing state criminal action, this Court must also abstain from exercising jurisdiction.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.[3] See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of the petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal). A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York January 23, 2007

SANDRA L. TOWNES
United States District Judge

---

[3] Petitioner is further advised that a future petition would not be "second or successive" when a state petitioner whose first petition was dismissed without prejudice for failure to exhaust state remedies brings a new petition based on the exhausted claim. See Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir.1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition ... would conflict with the doctrine of writ abuse ....").

3